UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Walter Clinton Batchelor, | ) C/A No. 5:12-2585-DCN-KDW |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) *Partial Summary Dismissal* |
| Evans Medical Staff; Dr. Drago; Nurse Stoke; Nurse Spivey; Nurse Smith; Dr. Tomarchio; Warden Eagleton; SCDC Director Byers, | ) |
| Defendants. | ) |

Plaintiff, Walter Clinton Batchelor, ("Plaintiff"), is a state prisoner currently housed in the Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"), in Bishopville, South Carolina, who is proceeding pro se and *in forma pauperis*. Plaintiff brings this action pursuant to 28 U.S.C. § 1983,[1] seeking monetary damages and injunctive relief. The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be partially summarily dismissed, without prejudice and without issuance and

---

[1] A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988), *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

service of process, as to Defendant Evans Medical Staff. The undersigned recommends that the Complaint be served on the remaining Defendants.

I. Background

   A. Plaintiff's Allegations

Plaintiff alleges that he has "chronic Hep[atitis] C (HCV), genotype 1A," for which he has sought treatment since February 2012. Compl. at 4-5,[2] ECF No. 1. Plaintiff claims Defendants have taken no steps to treat him despite his worsening condition. *Id.* at 5. Plaintiff sues each Defendant in her/his official and individual capacities. *Id.* at 3-4. Plaintiff alleges that each Defendant has been informed of Plaintiff's medical condition and that he "has requested treatment, in writing, from each [D]efendant," and all Defendants have denied treatment, placing him in imminent danger. *Id.* at 5-6. Plaintiff seeks an unspecified amount of compensatory and punitive damages, as well as declaratory and injunctive relief. *Id.* at 6-7. Plaintiff also alleges that he has exhausted SCDC's grievance process. *Id.* at 2.

   B. Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, the undersigned has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A; and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden,*

---

[2]Citations to pages of Plaintiff's Complaint are to the numbers assigned by the court's electronic court filing ("ECF") system.

*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.  Discussion

It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). The use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Holmes v. Evans CI Med., Doctor/Nurses*, 2011 U.S. Dist. LEXIS 43033 at *3 (D.S.C. Mar. 16, 2011) *adopted by, complaint dismissed without prejudice by* 2011 U.S. Dist. LEXIS 42947 at *1 (D.S.C. Apr. 20, 2011); *Pitts v. Perry Corr. Inst. Med. Staff*, C/A No. 0:09-1000-MBS, 2011 WL 704487 at *2 (D.S.C. Jan. 24, 2011) (citing *Barnes v. Baskerville Corr. Ctr. Med. Staff*, 2008 WL 2564779 (E.D. Va. June 25, 2008), *adopted by, summary judgment granted by, and complaint dismissed by* 2011 WL 703946 at *2 (D.S.C. Feb. 22, 2011). Accordingly, Evans Medical Staff should be dismissed as a Defendant because Evans Medical Staff is not a person and is not amenable to service of process.

III.  Conclusion

For the foregoing reasons, the undersigned recommends that the instant Complaint be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendant Evans Medical Staff. Plaintiff's Complaint should be served upon the remaining Defendants, *i.e.* Dr. Drago, Nurse Stoke, Nurse Spivey, Nurse Smith, Dr. Tomarchio, Warden Eagleton, and SCDC Director Byers.

IT IS SO RECOMMENDED.

_Kaymani D. West_

October 9, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).