UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Walter Clinton Batchelor, | ) C/A No. 5:12-2585-DCN-KDW |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) *Partial Summary Dismissal* |
| Evans Medical Staff; Dr. Drago; Nurse Stokes; Nurse Spivey; Nurse Smith; Dr. Tomarchio; Warden Eagleton; SCDC Director Byars; Warden McCall; Dr. Pate; and Nurse Styles, | ) |
| Defendants. | ) |

Plaintiff, Walter Clinton Batchelor, ("Plaintiff"), is a state prisoner currently housed in the Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"), in Bishopville, South Carolina, who is proceeding pro se and *in forma pauperis*. Plaintiff brings this action pursuant to 28 U.S.C. § 1983,[1] seeking monetary damages and injunctive relief. The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. Having reviewed Plaintiff's Amended Complaint, ECF No. 28, in accordance with applicable law, the undersigned recommends that it be partially summarily dismissed, without

---

[1] A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988), *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

prejudice and without issuance and service of process, as to Defendant Evans Medical Staff and Defendant Nurse Styles. The undersigned recommends that the Amended Complaint be served on the remaining Defendants: Dr. Drago; Nurse Stokes; Nurse Spivey; Nurse Smith; Dr. Tomarchio; Warden Eagleton; SCDC Director Byars; Warden McCall; and Dr. Pate.

I. Background

    A.    Procedural History and Plaintiff's Allegations

Plaintiff filed his original Complaint, ECF No. 1, on September 7, 2012. On October 9, 2012, Plaintiff submitted a proposed amended complaint during the time-frame within which he is permitted to amend his pleading as a matter of course, ECF Nos. 22, 22-1. In an October 10, 2012 Order, ECF No. 27, the court granted Plaintiff's Motion to Amend, and instructed the Clerk of Court to attach Plaintiff's original Complaint, ECF No. 1, with his proposed amended complaint, ECF No. 22-1, to create Plaintiff's Amended Complaint.[2] Plaintiff's Amended Complaint is now docketed as ECF Nos. 28 and 28-1.

Plaintiff's alleges that he has "chronic Hep[atitis] C (HCV), genotype 1A," for which he has sought treatment since February 2012, but avers Defendants have taken no steps to treat Plaintiff despite his worsening condition. ECF No. 28-1 at 4-5. Plaintiff sues each Defendant in her/his official and individual capacities. ECF No. 28 at 1-3. Plaintiff alleges that each Defendant has been informed of Plaintiff's medical condition, ECF No. 28-1 at 5, that he "has requested treatment, in writing, from each [D]efendant," *id.*, and that all Defendants have denied treatment, placing him in

---

[2]On the same day the court received Plaintiff's Motion to Amend, the court had issued an Order authorizing partial service of Plaintiff's original Complaint and recommending partial summary dismissal. *See* ECF Nos. 17-18. However, upon receipt of Plaintiff's proposed amendment, the court withdrew that Order and Report and Recommendation. ECF No. 27.

imminent danger, ECF No. 28 at 4. Plaintiff seeks an unspecified amount of compensatory and punitive damages, and declaratory and injunctive relief. *Id.* at 5; ECF No. 28-1 at 4-5. Plaintiff further alleges that he has exhausted SCDC's grievance process. ECF No. 28 at 3.

In a September 11, 2012 Order, ECF No. 10, the court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, and instructed Plaintiff to bring this case into proper form within a certain time-frame by submitting proposed service documents for Defendants. Plaintiff complied with the court's Order, and this case was brought into proper form on September 28, 2012. On that date, Plaintiff also filed a notice of change of address, ECF No. 13, indicating that he had been transferred from Evans Correctional Institution ("ECI") to LCI.

In granting Plaintiff's Motion to Amend, the court noted that Plaintiff's proposed amended pleading added three new Defendants (Warden McCall, Dr. Pate, and Nurse Styles), but did not provide service documents for the proposed parties. ECF No. 32 at 1. Also in the October 11, 2012 Order, the court gave Plaintiff a specific time frame in which to bring his Amended Complaint and this case into proper form by providing proposed service documents for the newly added Defendants–Warden McCall, Dr. Pate, and Nurse Styles. *Id.* at 1-2. Plaintiff substantially complied with the court's Order by submitting proposed service documents for Warden McCall and Dr. Pate, and this case is now in proper form. On October 22, 2012, when Plaintiff submitted the required summons for Defendants McCall and Pate, Plaintiff did not submit the required Form USM-285 for Nurse Styles. Instead, Plaintiff filed a "Motion to Withdraw and Correct Defendants Names," ECF No. 34, in which he indicated he had mistakenly added Nurse Styles as a party. He indicated: "Adding Nurse Styles was a mistake. I do not want her involved. Please only add Dr. Pate and Warden McCall." *See* ECF No. 34. Consequently, the undersigned recommends that Plaintiff's

3

"Motion to Withdraw and Correct Defendants Names" be granted and that Plaintiff's Amended Complaint be summarily dismissed as to Nurse Styles.

On October 22, 2012, Plaintiff also filed a "Motion for Appointment of Counsel," ECF No. 35. In an order issued simultaneously with this Report and Recommendation, the undersigned has denied Plaintiff's Motion for Appointment of Counsel and authorized that service of process be effected only upon Defendants Dr. Drago, Nurse Stokes, Nurse Spivey, Nurse Smith, Dr. Tomarchio, Warden Eagleton, SCDC Director Byars, Warden McCall, and Dr. Pate.

B. Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, the undersigned has carefully reviewed Plaintiff's pro se Amended Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A; and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Plaintiff filed this Amended Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31.

4

Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.     Discussion

It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). The use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Holmes v. Evans CI Med., Doctor/Nurses*, 2011 U.S. Dist. LEXIS 43033 at *3 (D.S.C. Mar. 16, 2011) *adopted by, complaint dismissed without prejudice by* 2011 U.S. Dist. LEXIS 42947 at *1 (D.S.C. Apr. 20, 2011); *Pitts v. Perry Corr. Inst. Med. Staff*, C/A No. 0:09-1000-MBS, 2011 WL 704487 at *2 (D.S.C. Jan. 24, 2011) (citing *Barnes*

5

*v. Baskerville Corr. Ctr. Med. Staff*, 2008 WL 2564779 (E.D. Va. June 25, 2008), *adopted by, summary judgment granted by, and complaint dismissed by* 2011 WL 703946 at *2 (D.S.C. Feb. 22, 2011). Accordingly, Evans Medical Staff should be dismissed as a Defendant because Evans Medical Staff is not a person and is not amenable to service of process.

As noted above, on October 22, 2012, Plaintiff filed a "Motion to Withdraw and Correct Defendants Names," ECF No. 34, in which he indicated he did not wish to pursue an action against Nurse Styles. *See id*. Accordingly, Plaintiff's "Motion to Withdraw and Correct Defendants Names," ECF No. 34, should be granted and Nurse Styles should also be dismissed as a Defendant.

III. Conclusion

For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion to Withdraw and Correct Defendants Names," ECF No. 34, be GRANTED, and that the Amended Complaint in this case be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendants Nurse Styles and Evans Medical Staff. Plaintiff's Amended Complaint should be served upon the remaining Defendants, *i.e.* Dr. Drago, Nurse Stokes, Nurse Spivey, Nurse Smith, Dr. Tomarchio, Warden Eagleton, SCDC Director Byars, Warden McCall, and Dr. Pate.

IT IS SO RECOMMENDED.

October 24, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).