IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Walter Clinton Batchelor, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Evans Medical Staff; Dr. Drago; Nurse )<br>Stoke; Nurse Spivey; Nurse Smith; Dr. )<br>Tomarchio; Warden Eagleton; SCDC )<br>Director Byars, )<br>)<br>Defendants. ) | C/A No. : 5:12-2585-DCN-KDW<br><br><br><br><br>ORDER |

Plaintiff, proceeding pro se, seeks relief pursuant to Title 42, United States Code, § 1983. This matter is before the Court on Plaintiff's Second Motion to Appoint Counsel, ECF No. 50, Motion to Produce, ECF No. 60, and Motion to Compel, ECF No. 61. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Second Motion to Appoint Counsel, ECF No. 50**

On November 11, 2012, Plaintiff filed a Second Motion for Appointment of Counsel informing the Court that he was having difficulty proceeding with his case and that he was "becoming overwhelmed with all this stuff and really need[s] help." ECF No. 50. Plaintiff requests that the Court appoint counsel to represent him in this matter. *Id.*

There is no right to appointed counsel in § 1983 cases. Cf. *Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*,

451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir.1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)).

The court has reviewed the pleadings and other documents filed by Plaintiff and has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel. *Whisenant*, 739 F.2d 160. Further, Plaintiff has shown that he is able to represent his interests to this point in the lawsuit and Plaintiff's participation in this case has been adequate. *Id.* Accordingly, Plaintiff's second request for a discretionary appointment of counsel, ECF No. 50, is denied.

**Plaintiff's Motion to Produce, ECF No. 60 and Motion to Compel, ECF No. 61**

Plaintiff filed a Motion to Compel and a Motion to Produce on November 19, 2012, requesting that the court order Defendants to respond to his Requests for Production, ECF No. 60, and that the court order Defendants Drago and Tomarchio to respond to his First Set of Interrogatories, ECF No. 61. Plaintiff contends that his interrogatories and requests for production were served on October 3, 2012 and that Defendants have failed to respond. ECF Nos. 60 at 1, 61 at 1. Plaintiff also asks for the court to order Defendants to pay him $175 as "reasonable expenses in obtaining this Order on the grounds that the Defendants' refusal to answer or produce documents had no substantial justification." ECF Nos. 60 at 2, 61 at 2. The court observes that Defendants were not served with the Complaint in this matter until December 5, 2012, approximately two months after Plaintiff had served his discovery

requests. Plaintiff's Motion to Produce, ECF No. 60, and Motion to Compel, ECF No. 61, are therefore premature; Defendants shall have until January 16, 2013 to respond to Plaintiff's discovery requests. Accordingly, Plaintiff's Motion to Produce, ECF No. 60, and Motion to Compel, ECF No. 61, are denied.

## Conclusion

For the foregoing reasons, Plaintiff's Second Motion to Appoint Counsel, ECF 50, and Plaintiff's Motion to Produce, ECF No. 60, and Motion to Compel, ECF No. 61, are denied.

IT IS SO ORDERED.

December 19, 2012                                  Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge