UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Walter Clinton Batchelor, | ) | C/A No.    5:12-2585-DCN-KDW |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Dr. Drago; Nurse Stokes; Nurse Spivey; Nurse Smith; Dr. Tomarchio; Warden Eagleton; SCDC Director Byars, Warden McCall, Dr. Pate, and Dr. Thomas Moore, | ) | |
| Defendants. | | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motions for Preliminary Injunction filed on November 19, 2012 and February 4, 2013. ECF Nos. 59, 132. Defendants filed responses opposing Plaintiff's motions and Plaintiff filed replies to Defendants' responses. ECF Nos. 92, 106, 107, 134, 141. A hearing was held on Plaintiff's Motions for Preliminary Injunctions on February 20, 2013, where Plaintiff appeared pro se and Defendants appeared through counsel. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

In support of his requests for a preliminary injunction, Plaintiff contends that he is suffering irreparable harm because Defendants are denying him treatment for Hepatitis C and that his condition is chronic and progressive and without treatment can, and often does, become fatal. Plaintiff argues that Defendants will not suffer harm if his request is granted because Defendants would only be required to hand Plaintiff the medicine and monitor Plaintiff. Plaintiff argues that it is likely that he will prevail on the merits because he is entitled to medical treatment. Finally, Plaintiff contends that it is in the public interest to return him back into mainstream society as a healthy citizen.

In response to these arguments, Defendants contend that Plaintiff's motion contains general conclusory allegations of constitutional deprivation and complaints about his medical treatment. Defendants argue that Plaintiff has not demonstrated the likelihood that he will suffer irreparable harm if his injunctive request is denied because Plaintiff's medical records show that Plaintiff's liver functions have improved since he has been incarcerated. Defendants further contend that the South Carolina Department of Corrections ("SCDC") has policies and procedures that address when a person with Hepatitis C should receive treatment. Defendants argue that Plaintiff's case has been examined and, based on the established protocols, Plaintiff's history of psychological issues makes him a poor candidate for Hepatitis C treatment.

Defendants also argue that Plaintiff has not shown that his action will be successful because Plaintiff will be unable to prove that Defendants have been deliberately indifferent to his medical needs. Defendants finally contend that the public interest is not served when SCDC provides unnecessary medical treatment to an inmate.

Having considered the parties' briefs and arguments, the undersigned finds that Plaintiff has not shown that irreparable harm is likely if his requests for immediate medical treatment for his Hepatitis C condition are denied. Further, the undersigned finds that Plaintiff has not established a likelihood that he will eventually succeed on the merits of his complaint or that the public interest lies with granting the requested relief. Based on the foregoing, it is recommended that Plaintiff's Motions for Preliminary Injunctions, ECF Nos. 59 and 132, be denied.

IT IS SO RECOMMENDED.

February 22, 2013                                             Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**