UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Walter Clinton Batchelor, | ) | C/A No. : 5:12-2585-DCN-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Dr. Drago; Nurse Stoke; Nurse Spivey; Nurse Smith; Dr. Tomarchio; Warden Eagleton; SCDC Director Byars, Warden McCall, and Dr. Pate, | ) ) ) ) | |
| | ) | |
| Defendants. | | |

Plaintiff, proceeding pro se, seeks relief pursuant to Title 42, United States Code, § 1983. This matter is before the court on Plaintiff's Motions for Examination, ECF Nos. 151 and 172, and Plaintiff's Motion to Add Exhibit, ECF No. 166. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Motions for Physical Examination, ECF Nos. 151, 171**

Plaintiff moves the court for a physical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. ECF Nos. 151, 171. Plaintiff contends that the Defendant doctors are "not specialists in the area of Plaintiff's illness" and because Plaintiff's physical condition is in controversy, the court may order an examination by a specialist. *Id.* Defendants oppose this motion. ECF No. 170.

Rule 35 of the Federal Rules of Civil Procedure provides, in relevant part,

> **(a) Order for Examination**
> **(1)** *In general.* The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
> **(2)** *Motion and Notice; Contents of the Order*. The order:
> > **(A)** may be made only on motion for good cause and notice to all parties and the person to be examined; and
> > **(B)** must specify the time, place, manner, conditions, and scope of examination, as well as the person or persons who will perform it.

FED. R. CIV. P. 35(a). However, Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States*, 74 Fed. Appx. 611, 614 (7th Cir. 2003). Instead, Rule 35 allows, under "appropriate circumstances," a court "to order a party to submit to a physical examination at the request of an opposing party." *Id.; see also Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (no abuse of discretion where the district court denied the plaintiff's Rule 35 motion where the plaintiff's "primary purpose was to obtain medical care and to complain of deliberate indifference to his serious medical needs"); *Vinson v. U.S. Marshals Serv.,* C/A No. 0:10-79-RMG, 2011 WL 3903199 (D.S.C. Sept. 2, 2011) (adopting the Magistrate Judge's recommendation to deny the plaintiff's motion requesting a physical and mental evaluation of himself). Accordingly, Plaintiff's Motions for Physical Examination, ECF Nos. 151, 172, are denied.

**Motion to Add Exhibit, ECF No. 166**

Plaintiff requests, pursuant to Rule 36 of the Federal Rules of Civil Procedure, that "defendants [] add document labeled Exhibit # 1 as genuine." ECF No. 166. Plaintiff also asks the "court to recognize [Exhibit 1] as evidence in substantiating his claim." *Id.* Plaintiff's Exhibit # 1 is a Request to Staff Member, dated September 17, 2012, concerning Plaintiff's

request for treatment for Hepatitis and an unknown SCDC staff member's response to this request. ECF No. 166-1. The court declines to grant Plaintiff's request that the attached exhibit be recognized as evidence substantiating his claim. However, ECF No. 166-1, is part of the record before the court, *see* ECF No. 56-1, and will be considered by the court, if, and when, the parties' file dispositive motions. Plaintiff's Motion to Add Exhibit, ECF No. 166, is denied. However, the court construes Plaintiff's request that Defendants add the attached Exhibit # 1 as genuine as a Request for Admission. Defendants are hereby directed pursuant to Fed. R. Civ. P. Rule 36(a) to provide Plaintiff with a response to ECF No. 166 within 30 days of the date of this order.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motions for Physical Examination, ECF Nos. 151, 172, and Plaintiff's Motion to Add Exhibit, ECF No. 166, are denied. Defendants are directed to provide Plaintiff with a response to the request to admit in ECF No. 166 within 30 days of the date of this order.

IT IS SO ORDERED.

March 25, 2013                              Kaymani D. West
Florence, South Carolina                    United States Magistrate Judge