**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Walter Clinton Batchelor,           ) | |
| )                                  | No. 5:12-cv-2585-DCN |
| Plaintiff,     ) | |
| ) | |
| vs.                                 ) | |
| ) | **ORDER** |
| Dr. Drago, *et al.*,                ) | |
| ) | |
| Defendants.   ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Kaymani D. West's Report and Recommendation (R&R) that the court deny plaintiff's motions for preliminary injunction. For the reasons set forth below, the court adopts the magistrate judge's R&R and denies plaintiff's motions.

## I.  BACKGROUND

Plaintiff Walter Clinton Batchelor, a prisoner proceeding *pro se*, brought this action on August 31, 2012, alleging that defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983. Compl. ¶¶ 26-27. Batchelor alleges that defendants, who are officials and members of the medical staff at Evans Correctional Institution in Bennettsville, South Carolina, have denied him adequate treatment for his Hepatitis C. Id. ¶ 16.

Batchelor filed the motions that are the subject of this order on November 19, 2012 and February 4, 2013, respectively. He contends that defendants have withheld treatment for his chronic condition, Hepatitis C, causing him irreparable harm and violating his Eighth Amendment rights, and that the lack of adequate treatment has and will continue to put him in imminent danger. Pl.'s Mot. For Prelim. Inj. 4-5, Nov. 19,

1

2012.  Batchelor requests, pursuant to Rule 65(a), that this court "grant the injunction and order treatment [of his Hepatitis C] to begin immediately."  Id. at 7.  In response, defendants contend that Batchelor's motions merely assert general conclusory allegations of constitutional deprivation and fail to demonstrate the likelihood that Batchelor will suffer serious irreparable harm if his injunction is denied.  Defs.' Resp. in Opp'n to Mot. for Prelim. Inj. 2; see also R&R 2.

Magistrate Judge West issued the R&R on February 22, 2013, finding that Batchelor failed to show that "irreparable harm is likely if his requests for immediate medical treatment for his Hepatitis C are denied."  R&R 3.  Judge West further found that Batchelor had established neither a likelihood of success on the merits nor that public interest would be served by granting the requested relief.  Id.  Judge West recommended that this court deny Batchelor's motions for preliminary injunction.  Id.  Batchelor now objects to the magistrate judge's recommendation that the court deny his motions and requests that the matter "be more thouroughly [sic] examined before denying his request for [an] injunction."  Pl.'s Obj. to R&R 5.

## II.  STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  The magistrate judge's recommendation carries no presumptive weight, and the responsibility of making a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  This court may accept the factual findings and legal conclusions of the magistrate judge to which the parties have no objected.  See id.; Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

### III.   DISCUSSION

Batchelor objects to the magistrate judge's conclusion that he failed to establish the elements necessary to issue a preliminary injunction. Pl.'s Obj. to R&R 5. Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." Tucker v. Helbig, No. 13-cv-0401, 2013 WL 1181512, at *1 (D.S.C. March 21, 2013) (citing MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001)).

Federal Rule of Civil Procedure 65(a) grants discretion to the reviewing court in deciding whether to issue a preliminary injunction. It provides that a court "may issue" a preliminary injunction only upon notice to the adverse party. Fed. R. Civ. P. 65(a). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Prohibitory preliminary injunctions "aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending." Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. Mar. 5, 2013) (internal citations omitted). Mandatory preliminary injunctions, which compel rather than prohibit action, "do not preserve the status quo." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Therefore, courts apply the exacting preliminary injunction standard in an "even more searching" manner than for the more common prohibitory preliminary injunctions. Pashby, 709 F.3d at 319 (internal quotations omitted). Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to

enter ultimate relief on the merits of the same kind." In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003), abrogated on other grounds by eBay, Inc. v. MercExchange, LLC, 547 U.S. 388 (2006).  A request for a mandatory preliminary injunction should only be granted "when the exigencies of the situation demand such relief." Wetzel, 635 F.2d at 286.

Prison officials are afforded a great deal of deference in making policy decisions related to prison life.  See Joe v. Ozmint, No. 08-cv-0585, 2008 WL 5076858, at *3 (D.S.C. Nov. 21, 2008).  Generally, a court will only grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances.  Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).  The burden is on the plaintiff to "clearly demonstrate that the public interest is served by granting him injunctive relief, and that granting such relief would impose no great hardship upon the officials or the prison system as a whole." Joe, 2008 WL 5076858, at *4.

Batchelor has requested a mandatory preliminary injunction that would require defendants to treat his Hepatitis C.  The magistrate judge aptly concluded that Batchelor failed to establish irreparable harm, a likelihood of success on the merits, or that the public interest lies with granting the requested relief.  R&R 3.  Batchelor's conclusory statements that "lack of adequate treatment [will] result in further liver damage," Pl.'s Mot. for Prelim. Inj. 5, Nov. 19 2012, and that granting an injunction "will benefit the public by sending [him] back into society healthy," Pl.'s Mot. for Prelim. Inj. 2, Feb. 4, 2013, fail to establish exceptional and compelling circumstances that would justify substituting the judgment of the prison officials for that of this court.

Batchelor's requested relief is subject to the exacting standard applied to mandatory preliminary injunctions. Because Batchelor cannot satisfy even the lesser standard for prohibitory preliminary injunctions, the court concludes that Batchelor has failed to meet his burden. The motions for preliminary injunction are denied.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, ECF No. 153, and **DENIES** plaintiff's Motions for Preliminary Injunction, ECF Nos. 59 and 132.

**AND IT IS SO ORDERED**.

*[signature]*

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 29, 2013**
**Charleston, South Carolina.**

5