UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Walter Clinton Batchelor, | ) | C/A No.    5:12-2585-DCN-KDW |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Dr. Drago; Nurse Stokes; Nurse Spivey; Nurse Smith; Dr. Tomarchio; Warden Eagleton; SCDC Director Byars, Warden McCall, Dr. Pate, and Dr. Thomas Moore, | ) | |
| Defendants. | | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Preliminary Injunction filed on June 18, 2013. ECF No. 218. Defendants filed a response opposing Plaintiff's motion on June 20, 2013. ECF No. 220. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

In his Motion for Preliminary Injunction, Plaintiff contends that he "seeks an injunction to stop irreparable harm he is subjected to by defendants." ECF No. 218. Plaintiff argues that Defendant Dr. Pate stated in response to discovery requests that Plaintiff "is and will suffer irreparable harm" and that Plaintiff "is and will suffer further liver damage." *Id.* Defendants oppose Plaintiff's motion alleging Plaintiff has mischaracterized Dr. Pate's discovery responses.[1] ECF No. 220 at 2. Defendants contend that Dr. Pate "actually stated [] that the Hepatitis-C

---

[1] Defendants attached a copy of Dr. Pate's responses to Plaintiff's discovery requests at ECF No. 220-1.

infection could, potentially, in some cases, cause liver damage or some other liver related problem, however, liver deterioration or liver damage is not always associated with the Hepatitis-C infection." *Id.* Defendants allege that "in [] Plaintiff's case, this potential development has not occurred," that Plaintiff's liver function has improved since he was incarcerated, and that Plaintiff had a liver function test done in January 10, 2013 that was "completely normal." *Id.* Defendants argue that Plaintiff has failed to show he will suffer irreparable harm and therefore his request for a preliminary injunction should be denied. *Id.* at 3.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

The undersigned finds Plaintiff that fails to clearly establish any of the four required *Winter* factors. For example, Plaintiff has not established that he will suffer irreparable harm as a result of his Hepatitis-C diagnosis.[2] Although Plaintiff contends that Defendant Dr. Pate's

---

[2] Although Plaintiff's motion does not specify what injunctive relief he seeks, Plaintiff's previously filed Motions for Injunctive Relief sought immediate medical treatment for his Hepatitis C condition. *See* ECF Nos. 59, 132.

discovery responses show that he will suffer irreparable harm and further liver damage, Plaintiff fails to attach Dr. Pate's discovery responses. Additionally, the undersigned has reviewed Dr. Pate's discovery responses, together with Defendant Dr. Tomarchio's affidavit, and finds that the evidence before the court does not establish that it is likely that Plaintiff will suffer irreparable harm if his requests for immediate medical treatment for his Hepatitis C condition are denied. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy." *Abdel–Malak v. JP Morgan Chase Bank*, N.A., No. AW–10–2051, 2010 WL 4117278, at *9 (D.Md. Oct.20, 2010) (emphasis added) (finding prospect of foreclosure did not present irreparable harm). Further, Plaintiff does not discuss any of the remaining factors *Winter* requires that he prove as Plaintiff has not shown that he is likely to succeed on the merits, nor has he referenced the public interest at all. Based on the foregoing, it is recommended that Plaintiff's motion for a preliminary injunction, ECF No. 218, be denied.

    IT IS SO RECOMMENDED.

July 17, 2013                                                    Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**