UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Walter Clinton Batchelor, | ) | C/A No.     5:12-2585-DCN-KDW |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Dr. Drago; Nurse Stokes; Nurse Spivey; Nurse Smith; Dr. Tomarchio; Warden Eagleton; SCDC Director Byars, Warden McCall, Dr. Pate, and Dr. Thomas Moore, | ) | |
| Defendants. | | |

Plaintiff Walter Clinton Batchelor, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on the Motion for Summary Judgment filed by Defendants Dr. Drago, Nurse Stokes, Nurse Spivey, Nurse Smith, Dr. Tomarchio, Warden Eagleton, SCDC Director Byars, Warden McCall, and Dr. Pate (together "Lee Defendants") on June 12, 2013. ECF No. 214. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on June 13, 2013, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 214. Plaintiff responded to the Lee Defendants' motion on June 18, 2013, and the Lee Defendants replied to Plaintiff's response on June 20, 2013. ECF Nos. 219, 221. Defendant Thomas Moore filed his Motion for Summary Judgment on June 28, 2013. ECF No. 223. A *Roseboro* order was entered on July 1, 2013, advising

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 224.  Plaintiff responded to Defendant Moore's motion on July 9, 2013.  ECF No. 226.

In his responses, Plaintiff contended that he was not able to respond adequately to Defendants' summary judgment motions, in part, because the Defendants had not fully responded to Plaintiff's outstanding discovery requests.  *Id.*  Prior to filing his responses to Defendants' summary judgment motions, Plaintiff filed a Motion for Extension of Time to Complete Discovery.[2] ECF No. 217.  Subsequent to the filing of his responses in opposition to Defendants' summary judgment motions, Plaintiff filed a Motion to Produce and a Motion to Compel.  ECF Nos. 234, 235. The court denied Plaintiff's motion for an extension and Plaintiff's discovery motions on September 27, 2013, finding that Defendants had fully responded to Plaintiff's discovery requests.  ECF No. 251.[3]  On December 31, 2013, the court entered an order giving Plaintiff until January 14, 2014 to supplement his responses in opposition to Defendants' summary judgment motions.  ECF No. 265.  Plaintiff filed a supplemental response on January 13, 2014.  ECF No. 269.  This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because Defendants' summary judgment motions are dispositive, a Report and Recommendation is entered for the court's review.

---

[2] Plaintiff has filed numerous discovery motions in this case. *See*, e.g., ECF Nos. 60, 61, 97, 109, 110, 135. On February 20, 2013, the court held a telephone hearing regarding one such motion and provided that Plaintiff could serve additional discovery.  ECF No. 148.  Throughout the pendency of this case, the court has taken steps to ensure Defendants have complied with discovery orders and Plaintiff has been provided with relevant discovery responses.  *See* ECF Nos. 244, 247, 247-1.

[3] Plaintiff filed an additional Motion to Compel, ECF No. 256, and Motion for Extension of Time to Complete Discovery, ECF No. 257, which were denied by the court.  *See* ECF Nos. 261, 263.

I.    Background

Plaintiff filed his initial Complaint on September 7, 2012, his First Amended Complaint on October 10, 2012, and his Second Amended Complaint on January 24, 2013. ECF Nos. 28, 28-1, 28-2. In his Complaints, Plaintiff contends that he has been diagnosed with "chronic Hep-C (HCV), genotype 1A."[4] ECF No. 28-1 at 4. Plaintiff argues that since February 2012 he has sought medical treatment from Defendants for his Hepatitis condition and Defendants continue to deny Plaintiff treatment. *Id.* at 5. Plaintiff alleges that his symptoms have worsened since February 2012 and that he is suffering from "pain in the liver area" and "he has never been prescribed anything for [the] pain." ECF No. 28-2 at 3-4, 6. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, and costs. ECF No. 28 at 5.

II.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions,

---

[4] Hepatitis C is a contagious liver disease that ranges in severity from a mild illness lasting a few weeks to a serious, lifelong illness that attacks the liver. It results from infection with the Hepatitis C virus (HCV), which is spread primarily through contact with the blood of an infected person. Hepatitis C can be either "acute" or "chronic." Acute Hepatitis C virus infection is a short-term illness that occurs within the first 6 months after someone is exposed to the Hepatitis C virus. For most people, acute infection leads to chronic infection. Chronic Hepatitis C virus infection is a long-term illness that occurs when the Hepatitis C virus remains in a person's body. Hepatitis C virus infection can last a lifetime and lead to serious liver problems, including cirrhosis (scarring of the liver) or liver cancer. *See* http://www.cdc.gov/hepatitis/C/cFAQ.htm#overview(last visited January 15, 2014).

3

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III.     Analysis

Defendants move for summary judgment arguing that the evidence in the record establishes that Plaintiff does not suffer from a serious medical need, and furthermore, even if Plaintiff did have a serious medical need, Plaintiff is not an appropriate candidate to receive anti-viral treatment due to Plaintiff's mental health history. ECF Nos. 214-2, 223.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service.

*Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

Deliberate indifference to a serious medical need requires proof that each Defendant knew of and disregarded the risk posed by the Plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 837. In cases involving the denial of or the delay in providing medical treatment to a prisoner, the prison official must know of and disregard an objectively serious condition, medical need, or risk of harm. *Sosebee v. Murphy*, 797 F.2d 179, 182-83 (4th Cir. 1986). The Fourth Circuit defines a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreye*, 535 F.3d 225, 241 (4th Cir. 2008). A medical condition is also serious if a delay in treatment causes a lifelong handicap or permanent loss. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The Lee Defendants argue that they are entitled to summary judgment on Plaintiff's medical indifference claim because there is no evidence these Defendants "disregarded any serious medical condition or need of Plaintiff." ECF No. 214-1 at 6. Defendants argue that although Plaintiff has been diagnosed with a Hepatitis-C infection, Plaintiff's "liver functionality has significantly improved since his incarceration." *Id.* Defendants offer an affidavit from John Tomarchio, M.D., Medical Director for SCDC, who attests that Plaintiff's January 10, 2013 liver

5

function test came back completely normal. Tomarchio Aff. ¶ 16, ECF No. 214-2. Defendants contend that Plaintiff cannot show he has a serious medical need, and therefore, his medical indifference claim should be dismissed. *Id.*

Defendants further argue, even if Plaintiff can establish that he has a serious medical need, Plaintiff has failed to allege facts that show "a deliberate indifference to that need." ECF No. 214-1 at 6. Defendants attest that the treatment options and protocols for patients with Hepatitis C are "in a state of flux," and the accepted anti-viral medications used to treat Hepatitis C have severe side effects, and have been noted to "significantly affect patients with a history of psychiatric disease, including aggravating symptoms of depression and increasing risk of suicide." Tomarchio Aff. ¶¶ 5-6. Defendants aver that SCDC has enacted protocols, in effect during the timeframes relevant to the allegations in Plaintiff's Complaint, regarding the screening process for Hepatitis-C treatment. Tomarchio Aff. ¶ 8. Defendants argue that Plaintiff has numerous contra-indicators for beginning anti-viral medication treatment. ECF No. 214-1 at 7. Defendants argue that Plaintiff had less than two years remaining on his sentence when treatment was being considered, and therefore Plaintiff did not meet the factor of a sufficient time remaining on his sentence "to assure completion and compliance with the treatment protocol." ECF No. 214-1 at 7-8; Tomarchio Aff. ¶¶ 10-11. Defendants further allege that Plaintiff had "a diagnosis of paranoid schizophrenia and chronic uncontrolled depression" and a history of anxiety, hallucinations, and suicidal ideations. Tomarchio Aff. ¶¶ 12-13. A "disqualifying factor for treatment . . . is uncontrolled psychiatric disease with a history of self-mutilation or suicidal ideations." *Id.* ¶ 14. Defendants argue that "[i]t is clear that the Plaintiff has failed in his showing that there was any deliberate indifference to his serious medical needs on behalf of any Defendant." ECF No. 214-1 at 9. Addressing Plaintiff's allegations regarding

Defendants failure to prescribe Plaintiff pain medication, Defendants argue that this allegation is without merit as Plaintiff's medical records show Plaintiff was prescribed pain medications in May, June, September, and December 2012, and January 2013. *See* ECF No. 214-3 at 1, 3-4, 12, 2, 26.

Defendant Moore cites to Dr. Tomarchio's affidavit and contends that the evidence before the court demonstrates that Plaintiff's medical conditions have been fully evaluated, that Plaintiff's Hepatitis C condition is not adversely damaging his liver, and that Plaintiff is not a candidate for anti-viral treatment based on Plaintiff's psychiatric conditions. ECF No. 223 at 7; *see* Tomarchio Aff. Accordingly Defendant Moore argues that Plaintiff's medical indifference claims should fail as a matter of law. ECF No. 223 at 7.

In response to Defendants' arguments, Plaintiff contends that the "entire population" at Lee Correctional Institution is on lock-down and therefore he is not able to use the prison library. ECF No. 269 at 1. Plaintiff objects to Defendants' summary judgment motion and argues that he did not receive complete responses from Defendants to some of his discovery requests. *Id.* at 1-2. Plaintiff argues that he has sought treatment for his Hepatitis C condition since February 2012, and as of January 2014 he still has not received any treatment and Defendants' reasons for denying Plaintiff treatment "leave Plaintiff at risk of serious harm." *Id.* Additionally, Plaintiff argues that Defendant Dr. Pate stated in his answers to Plaintiff's interrogatories that "plaintiff was at risk of serious harm."[5] *Id.*

---

[5] Although Plaintiff does not attach a copy of Dr. Pate's discovery responses, these responses were filed with the court at ECF No. 220-1. Quoted verbatim:

> 11. Could Plaintiff suffer irreparable harm by not receiving treatment?
>
> **ANSWER:** Under the circumstances that the disease causes liver deterioration, the response to # 11 will be yes. However, as discussed earlier, liver deterioration is not always associated with the Hepatitis C infection.

7

Plaintiff addressed the factors used to determine if injunctive relief should be awarded and argues that the "likelihood of irreparable harm [to Plaintiff] is 100%" because Plaintiff has not received treatment for his Hepatitis C since February 2012, that Defendants will not be harmed "as handing plaintiff medicine is no hardship," that the likelihood of success is "probable" as he has the right to live a healthy life, and that the public is served positively "by receiving a healthy man able to work and pay taxes but not when a sick man with a communicable disease enters a mainstream life." *Id.* at 3. Plaintiff requests that the court review the other evidence he has submitted to the court during the pendency of this matter. *Id.* Plaintiff concludes with a quote from [Warren E. Burger] Chief Justice of the Supreme Court [1969-1986]:

> It is society's responsibility to protect the life and health of its prisoners. [W]hen a sheriff or a marshall [sic] takes a man from the courthouse in a prison van and transports him to confinement for two or three or ten years, this is our act. We have tolled the bell for him. And whether we like it or not, we have made him our collective responsibility. We are free to do something about him; he is not.
>
> [United States v. Bailey] 444 U.S. 394, 423 (1980).

*Id.* at 4.

The undersigned has reviewed the record, including the parties' respective pleadings, Defendants' affidavits, and Plaintiff's medical records, and finds that Plaintiff has failed to furnish facts or evidence sufficient to survive summary judgment. Plaintiff has not offered any evidence, other than his own conjecture or speculation, to show that he has suffered any injury from Defendants' denying him treatment for his Hepatitis C condition. Further, Plaintiff has not offered any evidence to show that he is an appropriate candidate for Hepatitis C anti-viral treatment as outlined in SCDC policies and procedures, nor has Plaintiff offered any evidence to

contradict Defendants' contentions that Plaintiff did receive pain medication for his Hepatitis C condition.  Accordingly, the undersigned recommends Defendants be granted summary judgment on this claim.

IV.     Qualified Immunity

Defendants argue they are entitled to qualified immunity on Plaintiff's claims. ECF No. 214-1 at 12; ECF No. 223 at 7-8.   The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case.  *Id.* at 236.  In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition."  *Parrish v. Cleveland*, 372 F.3d 294, 301. (4th Cir. 2004). "If the right was not clearly established in the specific context of the case - that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted - then the law affords immunity from suit."  *Id.*  (citations and internal quotation omitted).

9

The undersigned finds that Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion and that Defendants did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the exercise of their respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that these Defendants be granted qualified immunity.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that the Lee Defendants' Motion for Summary Judgment, ECF No. 214, and Defendant Dr. Thomas Moore's Motion for Summary Judgment, ECF No. 223, be **granted**, and that Plaintiff's Complaint be dismissed.

IT IS SO RECOMMENDED.

January 16, 2014                                                             Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**